J-S80015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| COLEMAN KEARY SMITH. | |
| Appellant | No. 184 MDA 2016 |

Appeal from the Judgment of Sentence January 6, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000664-2015

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED DECEMBER 05, 2016**

Coleman Keary Smith appeals from the judgment of sentence, entered in the Court of Common Pleas of Franklin County, after being convicted of one count each of Driving Under the Influence (DUI) – high rate of alcohol[1] and DUI – general impairment.[2]  Smith was sentenced to 30 days to 6 months' incarceration.  After careful review, we affirm.

On appeal, Smith presents the following issue for our consideration:

Did the suppression court err[] in denying Appellant's motion to suppress evidence when the arresting officer filed to administer and correctly score the horizontal gaze nystagmus [HGN] standard field sobriety test,  falsified his police report, provided

_____

[1] 75 Pa.C.S. § 3802(b).

[2] 75 Pa.C.S. § 3802(a)(1).

false testimony and cross examination and acknowledged he did not know how to administer the field sobriety test.[3]

Appellant's Brief, at 4.

In essence, Smith attacks the trial court's credibility determination with regard to the testimony of his arresting officer, Trooper Hanko. *Commonwealth v. Elmobdy*, 823 A.2d 180, 183 (Pa. Super. 2003) ("It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony[; t]he suppression court is free to believe all, some or none of the evidence presented at the suppression hearing."). Smith asserts that because the trooper did not administer the HGN test according to the National Highway Traffic Safety Student Manual and that he "falsified the police report and [that] his testimony [was] intended to deceive," we should reverse the suppression court. Appellant's Brief, at 9. We disagree.

Based on a totality of the circumstances, there was sufficient evidence to support the trooper's stop of Smith's vehicle and his subsequent arrest for suspected DUI. Trooper Hanko testified that he stopped Smith's silver Ford truck after he observed it cross the double-yellow center lines of the road two times. N.T. Suppression Hearing, 12/7/15, at 11. Upon stopping Smith's vehicle, the trooper testified that Smith had difficulty locating his

---

[3] An appellate court does not reverse the suppression court's denial of an accused's motion to suppress if the factual findings and legal conclusions drawn therefrom by the suppression court are supported by the record. *Commonwealth v. Bracey*, 662 A.2d 1062 (Pa. 1995).

driver's license, slurred speech, bloodshot and glassy eyes, smelled of alcohol, and admitted to drinking multiple beers prior to driving. *Id.* at 12, 19-21. Moreover, Trooper Hanko was trained in the detection of impaired drivers, *id.* at 5-8, and, in his career, had stopped approximately 40 drivers suspected to be under the influence, some of which led to DUI arrests. *Id.* at 8-9.

After reviewing the parties' briefs, relevant law and certified record on appeal, we affirm Smith's judgment of sentence based on the April 5, 2016, opinion authored by the Honorable Carol L. Van Horn. ***See Commonwealth v. Seguida***, 985 A.2d 871, 879 (Pa. 2009) (types of evidence Commonwealth may proffer in section 3802(a)(1) prosecution include, *but are not limited to*, "offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech"); ***see also Commonwealth v. Mobley***, 14 A.3d 887, 890 (Pa. Super. 2011) (sustaining conviction for DUI where defendant failed to stop at stop sign, smelled of alcohol, and failed four separate field sobriety tests).

Judgment of sentence affirmed. [4]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016

---

[4] We instruct the parties to attach a copy of President Judge Van Horn's opinion in the event of further proceedings in the matter.

IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | |
|---|---|
| Commonwealth of Pennsylvania, | :   Criminal Action |
| | : |
| vs. | :   No. 664-2015 |
| | : |
| Coleman K. Smith, | : |
|       Defendant | :   Honorable Carol L. Van Horn |

## STATEMENT OF THE CASE

On December 7, 2015, the above-captioned Defendant, Coleman K. Smith was convicted of one count of DUI in violation of 75 Pa. C.S. 3802(b) and one count of DUI in violation of 75 Pa. C.S. 3802(a)(1) following a suppression hearing and a non-jury trial. Defendant was sentenced on January 6, 2016, to 30 days to 6 months incarceration at the Franklin County Jail. Defendant filed a Notice of Appeal on January 26, 2016, and his Concise Statement of Matters Complained of on Appeal on February 16, 2016. The Court will now respond to Defendant's claim of error in this Opinion and Order of Court pursuant to Pa.R.A.P. 1925(a).

## ISSUES RAISED

Defendant raises a sole issue in his Concise Statement:[1]

1. Did the Suppression Court error in denying Appellant's Motion to Suppress Evidence when the arresting officer failed to administer and correctly score the Horizontal Gaze Nystagmus standard field sobriety test, falsified his police report, provided false testimony in direct and cross-examination and acknowledged he did not know how to administer the field sobriety test?

---

[1] Concise Statement of Errors Complained of on Appeal, 2/16/16.

## DISCUSSION

In his sole issue, Defendant asserts that Trooper Hanko failed to properly administer field sobriety tests, particularly the Horizontal Gaze Nystagmus (HGN) test. Specifically, Defendant highlights that Trooper Hanko made just two passes with the stimulus instead of the eight that are required according to the National Highway Traffic Safety 2013 Student Manual. As a result, Defendant concludes that Trooper Hanko did not have sufficient probable cause to believe the Defendant was operating a motor vehicle after consuming alcohol such that he was rendered incapable of safely driving. Incredibly, Defendant asserts that ". . . to establish sufficient probable cause to believe the Defendant was under the influence of alcohol or a controlled substance, the officer **must properly conduct Field Sobriety Tests, including HGN.**" (emphasis added). Def.'s Concise Statement at 2.

It is an apodictic rule that "[a]n officer has probable cause to make a warrantless arrest 'when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" *Commonwealth v. Simmen*, 58 A.3d 811, 817 (Pa. Super. 2012) citing *Commonwealth v. Dommel*, 885 A.2d 998, 1002 (Pa.Super. 2005). In making a probable cause determination a court must look to the totality of the circumstances. *Commonwealth v. Stroud*, 699 A.2d 1305, 1308 (Pa. Super. 1997).

Despite Defendant's contention to the contrary, it is unmistakably clear that reasonable grounds to arrest on suspicion of DUI does not require the failure of field sobriety test. *Commonwealth v. Slonaker*, 795 A.2d 397, 402 (Pa.Super. 2002). Instead,

3

"[i]t is the facts and circumstances within the personal knowledge of the police officer that frames the determination of the existence of probable cause." *Commonwealth v. Salter*, 121 A.3d 987, 997 (Pa. Super. 2015). In *Slonaker*, the defendant argued that because his two failed field sobriety tests had been suppressed, there was insufficient indicia of intoxication present to arrest him for driving under the influence. The *Slonaker* Court rejected this contention, stating "[i]n the case at bar, Appellant drove erratically for an extended period of time, smelled of alcohol, and had bloodshot, glassy eyes. We find that Trooper Marasco had probable cause to suspect Appellant of driving under the influence. . ." *Id.* at 402.

In the instant matter, this Court relied on essentially the same facts the court used in *Slonaker* in finding that probable cause existed. Specifically, at the suppression hearing and non-jury trial this Court stated:

> The Court: Clearly the determination the Court must make is whether the Trooper did have sufficient probable cause at the point he made the arrest. With the evidence that has been presented, this Court does find sufficient probable cause.
>
> The fact that the Trooper's testimony regarding the HGN testing was inaccurate is one matter for this Court to consider. And I can throw that part out. I believe the rest of the testimony presented by the Trooper as supported by the MVR that was provided as well.
>
> **All of the other indicia including crossing the center line twice for a sustained period of time, the odor of alcohol, glassy eyes, slurred speech, and the admission to drinking, fumbling with cards, inability to produce records all give sufficient basis as the totality of the circumstances test for finding probable cause.**
>
> The Defendant was unable for various reasons to perform field sobriety tests. But that does not prevent this Court

4

79

from finding the Trooper possessed sufficient probable
cause.

(emphasis added). N.T. 12/7/15 at 48-49. The facts indicated by this Court on the record,

particularly that the Defendant crossed the center line twice, that he had glassy eyes,

slurred speech and admitted to drinking, were established by both Trooper Hanko's

testimony and review of the MVR. Consequently, this Court has little trouble concluding

that the facts and circumstances within Trooper Hanko's personal knowledge were

sufficient to demonstrate the existence of probable cause in this case. The Defendant's

claim is without merit.

## CONCLUSION

For all of the aforementioned reasons, this Court finds that there was sufficient

probable cause to arrest the Defendant in this matter. As such, this Court respectfully

requests that the Superior Court dismiss the appeal of the Defendant.