**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY MCDOWELL, | : | |
| | : | |
| McDowell | : | No. 1122 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 15, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002302-2017

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED JUNE 30, 2020**

Gregory McDowell ("McDowell") appeals from the judgment of sentence imposed following his convictions of rape, sexual assault and indecent assault.[1]  We vacate and remand for further proceedings.

In its Opinion, the trial court summarized the factual history as follows:

> On Friday, February 10, 2017, the Complainant, [J.J. (the "Complainant")], [had been staying] for an extended period of time at the apartment of her boyfriend, [T.C.].  The Complainant had been staying in [T.C.'s] apartment because she had gotten into an argument with her mother.  [T.C.] shared the apartment with [McDowell], his uncle by marriage.  At around 3 [p.m.], [T.C.] left for a full eight (8) hour work shift and the Complainant remained at the apartment.  Sometime in the evening, while the Complainant was in the shared kitchen of the apartment, she was approached by [McDowell].  Afterward, the

---

[1] **See** 18 Pa.C.S.A. §§ 3121(a)(4), 3124.1, 3126(a)(1).

Complainant and [McDowell] went back to [McDowell's] room to talk[,] because the Complainant wanted someone to talk to about the altercation between her and her mother.

After their conversation, [McDowell] offered the Complainant a drink. She accepted his offer. [McDowell] left the room and returned with a brown[-]colored alcoholic drink in a big shot glass for the Complainant. This was not the Complainant's first time drinking alcohol. However, after she drank the beverage served to her by [McDowell,] she blacked out and became unconscious. Upon waking, she observed that both she and [McDowell] were nude and [McDowell] was on top of her[,] having vaginal intercourse with her. The Complainant told [McDowell] to get off of her, but he continued despite her protests. After [McDowell] finally got off of the Complainant, she ran into the bathroom and closed the door.

At around 10 [p.m.], while inside the bathroom, the Complainant called [T.C.] via her cellular phone's FaceTime feature. During the Complainant's FaceTime call to [T.C.], [T.C.] was only able to see a black screen rather than the Complainant's face. The Complainant told [T.C.] in a panicky voice that she was scared and sick; she appeared to be vomiting into the toilet; and she told [T.C.] repeatedly that she wanted him to return to the apartment. The Complainant continued to repeat herself during the FaceTime call, until the call was disconnected because her phone died. The Complainant later texted [T.C.,] via iMessage[,] after recharging her phone. She continued to ask him to come home. Throughout the Complainant's time in the bathroom[,] the Complainant testified that [McDowell] was pounding on the door and saying threatening things to her. [T.C.] also testified that he heard someone pounding on the door and a male voice. At some point while still in the bathroom, the Complainant lost consciousness again.

When [T.C.] arrived home after work[,] at around midnight[,] he found the Complainant dressed in her pajamas[,] unconscious on [T.C.'s] bed. He also saw [McDowell] in the bathroom with an unidentified woman. [T.C.] attempted to wake the Complainant by moving her, but received no response. [T.C.] testified [that] this was unlike the Complainant's normal sleeping behavior.

- 2 -

The next day, while grocery shopping, the Complainant disclosed to [T.C.] that [McDowell] had sexually assaulted her the previous night. Despite this assertion, she continued to stay in the apartment with [T.C.] and [McDowell] during the following week. The Complainant explained that this was because of the fight with her mother. While [T.C.] wanted the Complainant to immediately report the incident to the police, the Complainant testified that she was too scared to report the assault because of the threatening things that [McDowell] continued saying to her throughout the week.

On February 16, 2017, about six days after the incident, [T.C.] drove the Complainant to the police station so that she could report this assault. When the Complainant arrived at the police station, she gave a statement to Detective Justin Montgomery [with the Philadelphia Police Department's Special Victim's Unit ("Detective Montgomery")]. Detective Montgomery noted that the Complainant was very soft-spoken, embarrassed, and avoided making eye contact with him during the interview. After interviewing both the Complainant and [T.C.], Detective Montgomery prepared an [A]ffidavit for a search and seizure warrant at the apartment that [McDowell] and [T.C.] shared to try to locate any type of narcotic that could have possibly been used to drug the Complainant.

At around 3:18 [p.m.] on February 16, 2017, Detective Montgomery and a supervisor … executed the search warrant … and seized two prescription pill bottles. Both pill bottles were found in [McDowell's] room on top of a wardrobe dresser. Both were prescribed to [McDowell]. One bottle contained seven 20 mg tablets of Famotidine and the other bottle contained two 5 mg tablets of Diazepam, also known as Valium.

Trial Court Opinion, 7/23/19, at 1-4. McDowell was subsequently charged with, *inter alia*, the above-mentioned crimes.

Following a non-jury trial, McDowell was found guilty of rape, sexual assault, and indecent assault. The trial court sentenced McDowell to 10 to 20 years in prison for the rape conviction, and 2½ to 5 years in prison for the sexual assault conviction, to run consecutive to the rape sentence. The

trial court merged the counts of rape and indecent assault for sentencing purposes. McDowell filed a post-sentence Motion, challenging, *inter alia*, the weight and sufficiency of the evidence regarding each of his convictions. The trial court denied the Motion. McDowell filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On November 6, 2019, McDowell filed with this Court a Motion to remand his case to the trial court, so that he could file a supplemental Pa.R.A.P. 1925(b) concise statement, raising additional claims. On November 26, 2019, this Court granted the Motion, remanded to the trial court, directed McDowell to file his supplemental concise statement within 21 days, and directed the trial court to file a supplemental opinion within 30 days thereafter. On remand, McDowell filed a Supplemental Concise Statement, raising two additional issues, and the trial court filed a Supplemental Opinion. McDowell subsequently filed with this Court an Application for leave to file a supplemental brief, which was granted, and a Supplemental Brief.

On appeal, McDowell raises the following questions for our review:

1) Were the verdicts against the weight of the evidence for rape, sexual assault and indecent assault, for the following reasons:[FN]

> A. Complainant's testimony was not credible as she stayed several days in the home of [McDowell] (at times alone with [McDowell]) after [McDowell] allegedly committed the assault on her; and

- 4 -

B. Complainant reported the assault to police five days after it allegedly occurred, and therefore no rape kit examination could be administered and no toxicology report could be done to prove she was drugged and raped by [McDowell]; and

C. Complainant's testimony was unreliable due to many inconsistencies between the statement she gave to police and her trial testimony, such as, but not limited to, the date and time of the assault, what she reported to her boyfriend about the assault, and how many drinks she consumed with [McDowell] immediately preceding the assault.

2) Was the evidence insufficient to sustain the guilty verdicts for all of the charges because there was no corroborative evidence that [McDowell] had sexual intercourse or any sexual contact with the Complainant[?]

[3)] Was the sentence illegal[,] as the lower court imposed separate sentences that were consecutive on the rape and sexual assault convictions, where the convictions were predicated on the same criminal act, [and] therefore merged for purposes of sentencing?

[4)] Was the sentence illegal, as [the Sexual Offender Registration and Notification Act ("SORNA II"),[2, 3] is] unconstitutional, violates due process and is punitive in nature?

_____

_____

[2] *See* 42 Pa.C.S.A. §§ 9799.10-9799.42, 9799.51-9799.75.

[3] Following our Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), and our subsequent decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017), the Pennsylvania General Assembly enacted SORNA II as a replacement to the invalidated portions of SORNA I, 42 Pa.C.S.A. §§ 9799.10-9799.41. *Commonwealth v. Bricker*, 198 A.3d 371, 375 (Pa. Super. 2018).

[FN] [McDowell] asserts that the sentence may have been illegal, as PA SORNA may be unconstitutional, may violate due process and may be punitive, and may be deemed to have violated the *Ex Post Facto* clause. This issue is still being litigated before the Pennsylvania Supreme Court. In an abundance of caution, [McDowell] is thus stating this contention in this footnote, and will file the necessary pleading accordingly, pending the resolution of the pending litigation.[4]

Brief for Appellant at 7; Supplemental Brief for Appellant at 7 (raising questions three and four) (one footnote in original; footnotes added).

In his first claim, McDowell challenges the weight of the evidence supporting each of his convictions. *See* Brief for Appellant at 13-18. McDowell argues that the Complainant's testimony was not credible because the Complainant (1) continued to stay in McDowell's home after he allegedly had assaulted her, (2) waited five days to report the assault to the police, preventing the collection of a rape kit and drug screening, and (3) gave inconsistent testimony. *Id.* at 15-18.

As this Court has recognized,

---

4 The claims McDowell has raised in his Brief's footnote appear to be the same claims he raises in his Supplemental Brief. To the extent that any claims raised in McDowell's footnote are not raised in his Supplemental Brief, said claims are waived, because they were not raised in his court-ordered Concise Statement or Supplemental Concise Statement, *see* ***Commonwealth v. Lemon***, 804 A.2d 34, 36 (Pa. Super. 2002) (stating that "issues not included in a Pa.R.A.P. 1925(b) statement are deemed waived on appeal."), or sufficiently developed for our review in his Brief or Supplemental Brief. *See* Pa.R.A.P. 2119(a); ***see also Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (stating that an appellant's "brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.").

> [a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Talbert*, 129 A.3d 536, 545-46 (Pa. Super. 2015) (citation omitted). Further,

> [w]hen the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

*Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (citation omitted). In order for an appellant to prevail on a challenge to the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa. Super. 2003).

Here, McDowell asks that we re-weigh the evidence and re-assess the credibility of the witnesses presented at trial, a task which we must decline to undertake. *See Gibbs*, *supra*; *see also Commonwealth v. Sanchez*, 36 A.3d 24, 39 (Pa. Super. 2011) (stating that "this Court cannot substitute its judgment for that of the jury on issues of credibility, or that of the trial judge respecting weight."). The trial court, sitting as the finder of fact, had

the exclusive duty of determining the credibility of the testimony, as well as the weight of the evidence presented at trial. *See Talbert*, 129 A.3d at 546. The verdict is not so contrary to the evidence as to shock the conscience of the court. *See Sullivan*, *supra*. Thus, this claim is without merit.

In his second claim, McDowell alleges that the evidence was insufficient to support each of his convictions. *See* Brief for Appellant at 18-20. McDowell argues that the only evidence was the Complainant's testimony at trial, and that there was no evidence to corroborate the Complainant's testimony that McDowell had engaged in sexual intercourse or indecent contact with her. *Id.* at 19-20. McDowell points out that because the Complainant waited five days to report the alleged assault, the collection of a rape kit and drug screening was not possible.[5] *Id.* at 19.

The standard for reviewing a challenge to the sufficiency of the evidence is

_____

[5] McDowell's claim is limited to a single element on each of the charges—whether the evidence was sufficient to prove that he had sexual intercourse, for purposes of his rape and sexual assault convictions, or indecent contact, for purposes of his indecent assault conviction, with the Complainant. *See* 18 Pa.C.S.A. § 3121 (defining rape, in relevant part, as "when [a] person engages in sexual intercourse with a complainant…."); 18 Pa.C.S.A. § 3124.1 (defining sexual assault as "when [a] person engages in sexual intercourse … with a complainant…."); 18 Pa.C.S.A. § 3126(a)(1) (stating that "[a] person is guilty of indecent assault if the person has indecent contact with the complainant…."). Accordingly, we only address this element regarding each of the crimes.

whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder[,] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

This Court has long[]recognized that the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from defense witnesses. If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict.

*Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa. Super. 2006) (citation and quotation marks omitted).

Here, the Complainant testified that McDowell had sexual intercourse with her. *See* N.T., 1/11/19, at 24 (wherein the Complainant stated that "[McDowell was on top of [her] having sex. … His penis was in [her] vagina."). The trial court found the Complainant's testimony credible. *See*

Trial Court Opinion at 5. Viewing the evidence in a light most favorable to the Commonwealth as the verdict winner, this evidence was sufficient to establish that McDowell had sexual intercourse and indecent contact with the Complainant. **See Melvin**, **supra**; **Charlton**, **supra**; 18 Pa.C.S.A. § 3101 (defining indecent contact, in relevant part, as "[a]ny touching of the sexual or other intimate parts of the person...."). Accordingly, McDowell's second claim fails.

In McDowell's third claim, he alleges that the trial court imposed an illegal sentence by not merging the offenses of rape and sexual assault, and by ordering the jail sentences for each to run consecutively. **See** Supplemental Brief for Appellant at 13-14. McDowell argues that all of the elements of sexual assault are included in the elements of rape, and the crimes arise from a single act of sexual intercourse. **Id.** McDowell further points to the trial court's statement in its Supplemental Opinion that

> [McDowell] is correct in his assertion that the convictions of rape and sexual assault should have merged for sentencing purposes. In the case at hand, the convictions arose from a single criminal act rather than separate criminal acts and should therefore have merged.

Supplemental Brief for Appellant at 14 (citing Trial Court Supplemental Opinion, 12/4/19, at 2).

"Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is

plenary." ***Commonwealth v. Cardwell***, 105 A.3d 748, 750 (Pa. Super. 2014) (brackets and ellipses omitted).

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765; ***see also Commonwealth v. Roane***, 204 A.3d 998, 1002 (Pa. Super. 2019) (stating that "[m]erger of offenses is appropriate where: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other offense." (citations and quotation marks omitted)).

Here, the evidence reveals that McDowell's crimes against the Complainant arise from a single criminal act. ***See*** N.T., 1/11/19, at 24 (wherein the Complainant stated that "[McDowell] was on top of [her] having sex. … His penis was in [her] vagina."); ***see also*** Trial Court Supplemental Opinion, 12/4/19, at 2 (stating that "the convictions arose from a single criminal act rather than separate criminal acts…."). Therefore, we proceed to determine whether all of the elements of rape, pursuant to 18 Pa.C.S.A. § 3121(a)(4), or sexual assault, pursuant to 18 Pa.C.S.A. § 3124.1, are included in the elements of the other offense.

Section 3121(a)(4) of the Crimes Code states as follows:

**§ 3121. Rape**

**(a) Offense defined.--**A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:

\* \* \*

(4) Where the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance.

18 Pa.C.S.A. § 3121(a)(4).

The Crimes Code defines sexual assault as follows:

**§ 3124.1. Sexual assault**

Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S.A. § 3124.1.

[R]ape, … and sexual assault [both] require proof of sexual intercourse. **Compare** 18 Pa.C.S.[A.] § 3121(a) … **with** 18 Pa.C.S.[A.] § 3124.1. The remaining question in assessing the relationship [between] the offenses is whether lack of consent (the only other element of sexual assault) is necessarily included within the elements of the greater offense[, rape].

**Commonwealth v. Buffington**, 828 A.2d 1024, 1031-32 (Pa. 2003).

Although Section 3121(a)(4) does not explicitly reference a lack of consent as an element, "the absence of consent is assumed from the state of the victim." **Id.** (citing **Commonwealth v. Erney**, 698 A.2d 56, 58-59 (Pa. 1997) (stating that the "essence of the criminal act of rape is involuntary

submission to sexual intercourse.")).[6]  Therefore, all the elements of sexual assault are included in the elements of rape under subsection 3121(a)(4). Consequently, McDowell's convictions of rape and sexual assault should have merged for sentencing purposes, and the trial court imposed an illegal sentence.  We vacate McDowell's judgment of sentence as to the sexual assault conviction.  Additionally, because we may have altered the trial court's sentencing scheme,[7] we also vacate the judgment of sentence imposed as to McDowell's remaining convictions of rape and indecent assault, and remand to the trial court for further proceedings.

In McDowell's fourth claim, he alleges that his sentence is illegal, because his registration requirements pursuant to "PA SORNA"[8] are unconstitutional based on our Supreme Court's holding in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017).  Supplemental Brief for Appellant at

---

[6] We note that the Court in *Buffington* was addressing subsection 3121(a)(3), which applies where the complainant is "unconscious[,] or where the [defendant] knows that the complainant is unaware that the sexual intercourse is occurring."  18 Pa.C.S.A. § 3121(a)(3).  However, we conclude that the *Buffington* Court's holding, that a lack of consent may be assumed, is equally applicable here, under subsection 3121(a)(4), where the complainant is "substantially impaired" by "drugs, intoxicants or other means…."

[7] *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006) (stating that "[i]f our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan.").

[8] McDowell uses the term "PA SORNA," without specifying which version of SORNA he is referring to.

14-15. McDowell further states that "[t]his issue is still being litigated in the Pennsylvania appellate courts," and that "the [c]onstitutionality of [] SORNA is still in question, and is currently being considered by this Commonwealth's Supreme Court…." *Id.* at 14.

In *Muniz*, our Supreme Court held that SORNA was punitive in nature, and that the *retroactive* application of SORNA's registration and reporting requirements violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. *See Muniz*, 164 A.3d at 1218, 1223.

Here, the holding in *Muniz* does not apply to McDowell, because McDowell committed his crimes *after* SORNA was enacted. *See id.*

To the extent that McDowell asserts that his sentence is illegal based on other cases pending before our Supreme Court, this claim is waived. McDowell makes only bald allegations that SORNA is unconstitutional, without presenting any legal argument in support of his claims. McDowell states that this issue is "currently being considered by this Commonwealth's Supreme Court," without citing to any specific cases, stating what portions of SORNA are being challenged, or explaining how these purported cases relate to his case. "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119. While this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel." *Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa. Super. 2015) (citations and quotation

marks omitted). Accordingly, to the extent that McDowell relies on cases purportedly pending before our Supreme Court to challenge his sentence, this claim is waived.

Judgment of sentence vacated. Case remanded for further proceedings consistent with this Memorandum. The Prothonotary is directed to remand the certified record to the trial court. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2020